[Cite as *State v. Kilton*, 2025-Ohio-5636.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115048 |
| v. | : | |
| MICHAEL KILTON, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 18, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-680855-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Glen Ramdhan, Kristen L. Sobieski, and Michael R. Wajda, Assistant Prosecuting Attorneys, *for appellee.*

Rosel C. Hurley III, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this delayed appeal, appellant Michael Kilton appeals his sentence following a guilty plea to nine counts of a thirty-count indictment. Specifically, he pleaded guilty to two counts each of disseminating matter harmful to juveniles, gross sexual imposition, and illegal use of a minor in nudity-oriented material or

performance, and one count each of endangering children, possessing criminal tools, and menacing by stalking. During sentencing, the trial court heard victim-impact statements from multiple victims and their representatives. The court also heard statements from Detective Michael Tulcewicz, the investigating detective, about his investigation, the victims, and Kilton's conduct, including conduct not charged in the indictment. Detective Tulcewicz strongly advocated for a prison sentence. The trial court sentenced Kilton to five years of community control.

{¶ 2} In his sole assignment of error, Kilton contends that the trial court erred by allowing Detective Tulcewicz to present impermissible impact statements and sentencing advocacy in violation of R.C. 2930.14, depriving him of due process.

{¶ 3} At the outset, this court notes that Kilton did not object to the detective's statements during sentencing. Accordingly, we review the assignment of error for plain error, which will only be recognized if an error actually occurred, it was obvious, and it affected a defendant's substantial rights. *State v. Davis*, 2012-Ohio-2499, ¶ 9 (8th Dist.); Crim.R. 52(B).

{¶ 4} Upon review of the record, we find that the trial court did not commit any error, let alone plain error. Although Kilton is correct that R.C. 2930.14 governs victim-impact statements by a victim or their representatives, he ignores R.C. 2929.19(A) that permits a court to consider statements from "any other person," who "may present information relevant to the imposition of sentence in the case." Because the trial court was legally permitted to accept testimony by the detective at sentencing, no error has occurred. *See generally State v. Pascale*, 2023-Ohio-2877

(8th Dist.) (trial court committed no error in allowing a social worker to address the court during sentencing).

{¶ 5} Moreover, Kilton has failed to demonstrate how his substantial rights were affected by Detective Tulcewicz's statements. As previously noted, the detective advocated for a prison sentence. Even if this court agreed with Kilton that the detective's statements were inflammatory and violated his due-process rights, he has failed to demonstrate that the trial court was influenced by the statements or the detective's plea for a prison sentence because the trial court imposed only a period of community control. Accordingly, Kilton has failed to withstand his burden of demonstrating error, and the assignment of error is overruled.

{¶ 6} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EMANUELLA D. GROVES, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)